UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdoulwahab A., | Civ. No. 26-565 (PAM/ECW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Abdoulwahab A.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Djbiouti. (Id. ¶¶ 1, 24.) On February 23, 2023, he entered the United States without inspection by an immigration officer and was apprehended United States Border Patrol agents in San Ysidro, California. (Id. ¶ 3, Ex. 2 at 1.) He was issued a Notice to Appear in immigration court and released on an Order of Release under his own recognizance. (Id. ¶¶ 3, 30, Exs. 1, 2.) At some point, he applied for asylum and that application remains pending. (Id. ¶ 1.) On January 22, 2026, Respondents detained Petitioner, and he remains in Respondents' custody. (Id. ¶¶ 1, 24.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention

2

is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner argues that § 1225 applies only to aliens "seeking admission" at the United States' border, and because he has lived in the United States for some time, he is not "seeking admission." Indeed, many courts agree with Petitioner's interpretation of § 1225(b)(2)(A). However, the Court determines that the growing minority of district courts to reject Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that an alien who is an "applicant for admission" is necessarily "seeking admission." Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law." Matter of Lemus-Losa, 25 I & N. Dec. 734, 743 n.6 (BIA 2012).

Petitioner's attempt to distinguish an "applicant for admission" from an alien "seeking admission" lacks merit. See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142

3

(D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Petitioner fails to provide evidence that he has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)(A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been admitted. Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Petitioner contends that his detention is also improper because Respondents did not have a warrant for his arrest, but "Section 1225(b) does not include a warrant or an arrest requirement." Melgar, 2025 WL 3496721, at *8. Petitioner's argument fails. Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

To the extent that Petitioner argues that he cannot be detained under § 1225 because he was previously released under an Order of Release indicating that Respondents derived their authority under § 1226, that argument fails. The statute contains no such restriction. Section 1226(a) authorizes the Attorney General to arrest or detain any alien pending removal proceedings but provides that the Attorney General also "may release the alien" on bond or conditional parole. Nowhere does § 1226 mandate that an alien released under § 1226 must be re-arrested pursuant to § 1226. Rather, "[s]ection 1226 provides that if the government exercises discretion to release an alien, pursuant to § 1226(a), the government 'at any time may' decide to 'rearrest the alien under the original warrant.'" Chen, 2025

4

WL 3484855, at *8.  Moreover, Petitioner does not claim to have been arrested "on a warrant issued by the Attorney General."  Petitioner's argument fails.

Although Petitioner contends that Jennings supports his argument, the better reading does not support his view.  The Court determines that Jennings cannot be read so broadly as to mean that aliens who have been in the country for an extended length of time must necessarily fall under § 1226(a).  See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).  Jennings explains that § 1225(b)(2) is a "catchall provision," applying to all "applicants for admission," including those who unlawfully entered the country and are therefore "deemed" applicants for admission under § 1225(a)(1)'s definition.  Id. at 287.  As established, Petitioner is an applicant for admission.  Neither Petitioner nor Respondents argue that he qualifies for expedited removal under § 1225(b)(1).  "So if the Supreme Court's reference to 'all applicants … not covered by § 1225(b)(1)' in fact means what it says, then [Petitioner] necessarily falls under the 'catchall provision.'"  Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *9 (S.D. Ohio Dec. 15, 2025) (quoting Jennings, 583 U.S. at 287).  Indeed, "[r]ead most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until certain proceedings have concluded."  Mejia Olalde, 2025 WL 3131942, at *2 (quoting Jennings, 583 U.S. at 297).  Petitioner is not entitled to the relief he seeks.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 9, 2026                                   *s/ Paul A. Magnuson*
                                                                                           Paul A. Magnuson
                                                                                          United States District Court Judge